FILED
U.S. District Court
District of Kansas

SEP 2 5 2017

Clerk, U.S. District Court
By_____Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CASE NO. 17-M-6134-01-GEB

BOGDANA ALEXANDROVNA MOBLEY,

      Defendant.

# CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

## COUNT ONE

### 18 U.S.C. §1204
### International Parental Kidnapping

On or about April 2, 2014, and continuing through the date of the filing of this complaint, the defendant,

### BOGDANA ALEXANDROVNA MOBLEY,
### AKA BOGDANA ALEXANDROVNA OSIPOVA,

did remove a child from the United States and retained a child outside the United States with intent to obstruct the lawful exercise of parental rights, to wit: the defendant traveled from Wichita, Kansas, to Russia with the minor child S.M. and while pregnant with the minor child, I.M., who was born approximately two months after the defendant arrived in Russia, and has

retained both children outside of the United States ever since. At the time of this travel, the

defendant had a pending dissolution of marriage action in the Eighteenth Judicial District Court,

Sedgwick County, Kansas, with her then husband, B.M., wherein B.M. had joint legal and shared

residential custody. The dissolution action has since been finalized and B.M. was granted sole

custody of S.M. and I.M.. Defendant's actions are in violation of Title 18, United States Code

Sections 2 and 1204.

    I further state that I am a Special Agent of the Federal Bureau of Investigation and that

this Complaint is based on the following facts: *see accompanying Affidavit, which is*

*incorporated by reference as though set out in full herein.*

 

RYAN S. ROSS, SPECIAL AGENT
Federal Bureau of Investigation

    Sworn to before me and subscribed in my presence this 25 day of September, 2017, at

Wichita, Kansas.

    After reviewing this Complaint and the accompanying Affidavit, there is probable cause

to believe that the defendant, Bogdana Alexandrovna Mobley, committed the offense set forth in

this Complaint.

HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge
District of Kansas

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
(Wichita Docket)

|  |  |  |
|---|---|---|
| United States of America,<br>Plaintiff,<br><br>v.<br><br>Bogdana Alexandrovna Mobley,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. __17-M-6134-01-GEB__ |

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Ryan S. Ross, Special Agent of the Federal Bureau of Investigation, being duly sworn,

state the following:

### INTRODUCTION

1.      This Affidavit is being offered in support of an Application for Criminal Complaint

for **BOGDANA ALEXANDROVNA MOBLEY** AKA BOGDANA ALEXANDROVNA

OSIPOVA (hereinafter "**Bogdana**"), a white female, date of birth XXXX XX, 1980, Social

Security Number XXX-XX-5529, for violation of Title 18 U.S.C. § 1204 (International Parental

Kidnapping).

2.      On or about May 28, 2015, it was reported to law enforcement officers that **Bogdana**

had traveled from Wichita, Kansas, to Russia with her minor children S.M., date of birth XXXX

XX, 2013, and I.E., date of birth XXXX XX, 2004, and while pregnant with her third child, I.M.,

date of birth XXXX XX, 2014, who was born approximately two months after **Bogdana** arrived

in Russia. At the time of this travel, **Bogdana** had a pending dissolution of marriage action in the

Eighteenth Judicial District Court, Sedgwick County, Kansas with her then husband, B.M., date

of birth XXXX XX, 1975.

3.     Based upon the facts set forth in this Affidavit, there is probable cause to believe that **Bogdana** removed S.M. from the United States, and continues to retain S.M. and I.M. outside the United States, with the intent to obstruct her ex-husband, B.M., from the lawful exercise of his parental rights.

4.     I am a Special Agent of the Federal Bureau of Investigation (FBI), and currently assigned to the Kansas City Division, Wichita Resident Agency. I have been employed by the FBI since January of 2015.  Prior to commencing service with the FBI, I was an attorney licensed to practice law in the State of Indiana, where I practiced for approximately eight years. As a Special Agent of the FBI, I have participated in a wide variety of criminal investigations, including: white collar, bank robberies, crimes against children, illegal gambling businesses, and other violent and non-violent Federal offenses. Additionally, I have participated in the execution of multiple search and arrest warrant.

5.     The statements contained in this affidavit are based on information known to me as a result of my participation in this investigation or on information provided to me by witnesses or other law enforcement personnel involved in this investigation.

## BACKGROUND RELATED TO CASE INVESTIGATION

6.     **Bogdana** emigrated from Russia to the United States in approximately 2003. She married, and subsequently divorced, T.E. – a United States citizen currently residing in New York City. **Bogdana** and T.E. had a child, I.E.

7.     **Bogdana** became a naturalized United States citizen in approximately 2010 or 2011.

8.     B.M. and **Bogdana** were married on or about January 24, 2013. B.M. filed for a dissolution of marriage approximately February or March of 2014 in Wichita, Kansas – where

the parties resided. This dissolution of marriage action was pending when **Bogdana** fled to Russia.

9.       Bogdana's mother, Y.F., resides in Queens, New York.

### PROBABLE CAUSE

10.      The Eighteenth Judicial District Court, Sedgwick County, Kansas entered a Temporary Order and Temporary Parenting Plan, with respect to **Bogdana**, B.M., and the minor child S.M. on March 11, 2014. Pursuant to this Order, **Bogdana** and B.M. were granted joint legal custody of S.M. and shared residential custody (i.e. equal parenting time).

11.      On or about April 2, 2014, **Bogdana** flew to Russia with S.M. and I.E. This removal of S.M. from Kansas to Russia was done without the knowledge or consent of B.M., and without an order of the Court. As such, this relocation was in violation of the Court's above-referenced Temporary Order and Temporary Parenting Plan.

12.      On April 14, 2014, after a hearing wherein both **Bogdana** and B.M. were represented by legal counsel, the Eighteenth Judicial District Court granted B.M. sole legal and primary physical custody of S.M.

13.      During the multiple dissolution proceedings, **Bogdana** was represented by counsel, filed pleadings pro se after her counsel withdrew, and/or was permitted to (and did) appear at court proceedings telephonically. Despite all of the above, **Bogdana** never attempted to modify the Temporary Order and Temporary Parenting Plan as it related to her relocation to Russia and the custody of S.M.; nor, did she ever seek permission of the Court to relocate to Russia.

14.      On December 2, 2014, the Eighteenth Judicial District Court issued an order:

       a.       Approving a Journal Entry of Judgment and Decree of Divorce proposed by

          B.M. and thereby:

      i.     Granting B.M. sole legal and primary residential custody of S.M. and

            I.M.;

      ii.    Granting a dissolution of the marriage of **Bogdana** and B.M.;

      iii.   Ordering **Bogdana** to return S.M. and I.M. to B.M. immediately;

      iv.   Ordering **Bogdana** to have supervised parenting time; and

      v.    Directing law enforcement to assist B.M. in obtaining physical custody

            of S.M. and I.M. should **Bogdana** fail to return the children

            immediately.

b.    Denying **Bogdana's** Objection to B.M.'s proposed Journal Entry of Judgment

      and Decree of Divorce;

c.    Finding and reiterating that **Bogdana's** failure to obtain permission to move to

      Russia was in direct violation of the Court's Order;

d.    Finding that even though a dissolution action was on file in Kansas, **Bogdana**

      availed herself of the Russian legal system whether Russia had personal

      jurisdiction over B.M. or not;[1] and

e.    Finding that **Bogdana's** relocation to Russia could be considered interference or

      aggravated interference with B.M.'s parental custody under K.S.A. 21-5409(a)

      and (b).

15.    Ever since April of 2014, **Bogdana** has remained outside of the United States, and

continues to retain S.M. and I.M. outside of the United States, with the intent to obstruct B.M.

from the lawful exercise of his parental rights.

---

[1] Bogdana obtained a divorce from B.M. in Russia on or about July 18, 2014.

16.    **Bogdana** has denied B.M. any physical or in-person contact or communication with S.M. since prior to April 2, 2014, and has never afforded B.M. any physical or in-person contact or communication with I.M.

17.    On one occasion, **Bogdana** agreed to allow B.M. time with the children if he flew overseas to see them. As a result, on January 5, 2015, B.M. flew to Gdansk, Poland to meet **Bogdana** and the children. On the evening of January 6, 2015, B.M. met **Bogdana** at the Poland/Russia border to visit the children, but **Bogdana** showed up without S.M. and I.M. and denied B.M. any contact or communication with them. B.M. remained in Poland until January 10, 2015 attempting to seek assistance from authorities to visit the children, but was unsuccessful.

18.    Between April of 2014 and November 17, 2016, **Bogdana** only permitted B.M communication with S.M. and I.M. via electronic communications through cellular telephones and/or Skype applications. Since November 17, 2016, **Bogdana** has denied B.M. any direct communication with S.M. and/or I.M. despite B.M.'s continued efforts to have such communications. In response to B.M.'s efforts, **Bogdana** advised him that he needs to send money in order to communicate with the children.

19.    Shortly before B.M.'s last electronic communication with the children on November 17, 2016, **Bogdana** moved residences, and has since refused to disclose her new address to B.M.

20.    In addition, B.M. has reported that **Bogdana** has also denied the United States State Department a welfare visit for the children.

### CONCLUSION

21.    Based upon the aforementioned facts, there is probable cause to believe that **Bogdana** violated Title 18 U.S.C. §1204, International Parental Kidnapping, in that she removed a child

from the United States and continues to retain a child outside the United States with intent to obstruct the lawful exercise of parental rights.

22.    During a pending dissolution of marriage proceeding in the Eighteenth Judicial District Court, Sedgwick County, Kansas, **Bogdana** removed S.M. from the United States. Despite B.M. being granted sole custody of S.M. and I.M., and the Eighteenth Judicial District Court in Sedgwick County, Kansas ordering **Bogdana** to return the children immediately, **Bogdana** continues to retain S.M. and I.M. outside the United States – with intent to obstruct B.M.'s lawful exercise of parental rights – and demand money from B.M. in order for him to communicate with his children.


FURTHER AFFIANT SAYETH NAUHGHT.

RYAN S. ROSS
Special Agent
Federal Bureau of Investigation


SUBSCRIBED TO AND SWORN before me this 25 day of September, 2017.

HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge
District of Kansas