IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 17-10142-EFM |
| BOGDANA A. MOBLEY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MOTION FOR INDEPENDENT MEDICAL EXAMINATION**

The undersigned request the Court to order an independent medical examination of defendant Bogdana Mobley. Defendant's physical condition is in controversy. The undersigned requests the Court to allow a private physician of counsel's choosing to conduct a physical examination of Ms. Mobley at the Carswell Federal Medical Center (FMC Carswell) in Fort Worth, Texas. In the alternative, the undersigned asks that the physical examination be undertaken by the medical staff at FMC Carswell.

1. On December 13, 2017, the Court held a status conference in this matter, where the United States orally moved pursuant 18 U.S.C. § 4241 for an order committing the defendant to the custody of the Bureau of Prisons for a psychiatric or psychological examination to determine defendant's competency. This Court granted the government's request. Ms. Mobley was not in attendance at the conference.

2. On December 13 and 14, 2017, Ms. Mobley's mother Juliana Filipiuk and stepfather Antoni Filipiuk made an attempt to visit her at the Butler County Adult Detention Facility. Defendant's parents were then advised by jail staff that Ms. Mobley did not wish to see them.

3. According to Butler County staff, Ms. Mobley has also rejected requests to meet with counsel.

4. The last time that Ms. Mobley's parents saw defendant was on December 11, 2017, during a visit that lasted for approximately five minutes. Ms. Mobley's mother observed during the encounter that Ms. Mobley lost about 20 pounds since the last time she saw her daughter. Ms. Mobley's parents observed that defendant was totally exhausted and extremely dehydrated. The visit terminated abruptly after Ms. Mobley collapsed. Shortly prior to that visit, on December 8, 2017, Ms. Mobley's parents had a telephone conversation with her, during which she appeared lucid and rational.

5. Ms. Mobley has reported suffering from a number of illnesses, included Lyme disease, Reynold's syndrome, ciguatera fish poisoning, and multiple allergies in the past.

6. From all the discussions with Butler County staff, it appeared that Ms. Mobley consciously rejected the request for visitation from her family and counsel.

7. After Ms. Mobley was transferred to FMC Carswell, the undersigned contacted that facility and spoke to Counselor Nebblett, who stated that Ms. Mobley was bedridden, unresponsive, unable to move, and unable to speak. Counselor Nebblett further indicated that Ms. Mobley arrived at FMC Carswell as a bedbound patient.

8. The description of Ms. Mobley's condition at FMC Carswell as being in an unresponsive state on arrival raises questions as to how defendant went from a state of consciousness to being incapacitated within only a few days.

9. 18 U.S.C. § 4247(b) provides in relevant part:

> **A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner.**

10. 18 U.S.C. § 4247(c) requires:

> **(c) Psychiatric or Psychological Reports. – A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include –**
>
> > **(1) the person's history and present symptoms;**
> > **(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;**
> > **(3) the examiner's findings; and**
> > **(4) the examiner's opinions as to diagnosis, prognosis, and –**
> >
> > > **(A) if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . .**

11. As is clear from the provisions of section 4247, ordinarily, a psychiatric or a psychological report need not address a defendant's physical health.

12. The U.S. Supreme Court has consistently held that there is an obligation to provide adequate medical care to detainees and prisoners. In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Court ruled that the obligation to provide care to pre-trial detainees arises from the due process guarantees, and that failure to provide such care would essentially constitute a form of impermissible punishment imposed on persons not convicted of a crime. *Id.* at 537 n.16.

13. Based on the description of Ms. Mobley's physical condition at FMC Carswell, she is in need of medical assistance beyond and in addition to – a psychological or a psychiatric examination. The undersigned would thus ask the Court to order an examination of Ms. Mobley's physical health, to include an analysis as to any toxins or psychoactive drugs present in her system.

14.  Movant would ask that the examination be performed at FMC Carswell, where adequate medical facilities to perform the exam are available.

15.  The costs of this medical examination will be borne by the movant, and a copy of the report will be supplied to the government and to the Court.

## PRAYER

The undersigned pray the Court to allow for a complete medical examination of Bogdana Mobley by independent physician(s). In the alternative, movant asks that the Court order FMC Carswell staff to undertake a complete medical evaluation of defendant.

Respectfully submitted,

**/s/ Kurt P. Kerns**

Kurt P. Kerns, #15028
328 North Main Street
Wichita, Kansas 67202
(316) 265-5511
E-mail: kurtpkerns@aol.com

**/s/ Alexey V. Tarasov**

Alexey V. Tarasov, Texas Bar 24075140
*Pro Hac Vice*
5211 Reading Road,
Rosenberg, Texas 77471
832-623-6250
E-mail: alexey@tarasovlaw.com

Attorneys for Bogdana Mobley

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion for Independent Medical Examination was filed and served electronically pursuant to the CM/ECF system on December 21, 2017, on all counsel of record.

**/s/ Kurt P. Kerns**

Kurt P. Kerns, #15028