## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )  17-10142-EFM |
| BOGDANA A. MOBLEY, | ) |
| | ) |
| Defendant, | ) |
| | ) |

### MOTION TO WITHDRAW

COME NOW the undersigned Kurt P. Kerns, Ian Clark, and Alexey V. Tarasov, counsel for the Defendant, Bogdana Mobley, and hereby move this Court for permission to withdraw from this matter and for the appointment of substitute counsel for the Defendant. In support of this motion, counsel states as follows:

Counsel were retained in this matter in October and December, 2017, respectively. On March 5, 2013. On September 25, 2018, Ms. Mobley filed a self-styled "request," saying that she is "not completely satisfied with performance of both of my attorneys" (sic) and asking the Court to allow her "to consult with any public defenders as [she is] not able to afford one." (sic) The Defendant apparently requested the withdrawal of all of the undersigned counsel because the Defendant was dissatisfied with counsel's representation.

The Kansas Rules of Professional Conduct (D. Kan. Rule 83.6.1), as amended by the Supreme Court of Kansas, have been adopted by this Court as the applicable standards of professional conduct. Rule Rule 226 of the Kansas Rules of Professional Conduct states that "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . . (3) the lawyer is discharged. . . ." *See* KRPC Rule 226. Additionally, KRPC Rule 226 further provides that "a lawyer may withdraw from representing a

- 1 -

client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if . . . . (2) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent. . . ." *Id.*

As to the first ground for granting the foregoing motion, the undersigned would show that the Defendant has effectively discharged them. The Defendant's open repudiation of the undersigned counsel's services and professional advice render further representation by the undersigned untenable. Ms. Mobley wrote letters to both the prosecutor and the Court. Those letters clearly state that she is dissatisfied "with [the] performance of both of [her] attorneys."

Second, the withdrawal in this case can be accomplished without material adverse effect on the interests of Ms. Mobley. Trial in this case has been set for December 4, 2018, which is more than two months from the date of this filing.

Third, as is *prima facie* apparent from Ms. Mobley's letter to the Court, withdrawal is warranted because the client here insists upon pursuing a course of conduct that her attorneys consider imprudent. The letter essentially is a request to the Court to set a pre-trial detention hearing for Ms. Mobley. This conflicts with the undersigned counsel's prior motion, which this Court granted, to have the detention hearing subsequent to her daughters' arrival to the United States. Furthermore, the Defendant's letter apparently makes firm her desire to proceed to trial in this case (Ms. Mobley says that she "would stay in Wichita until the trial"), which goes against the efforts on counsel's part to resolve this matter short of trial.

Withdrawal should also be granted so as to ensure the integrity of these proceedings. In view of the serious issues involved in this matter, the undersigned counsel's further representation of Ms. Mobley through the conclusion of the case in the district court may taint the outcome of the proceedings, rendering them vulnerable to an attack on Sixth Amendment

grounds. This case involves a highly-sensitive issue of bringing to the United States two children from Russia. In making the decision to consent to her children's traveling from Russia to the United States, as well as in agreeing to any arrangement regarding the ultimate resolution of this criminal case, Ms. Mobley needs to have attorneys that she is fully satisfied with.

If, in the view of the Court, a hearing would aid in determining whether substitution of counsel is appropriate, counsel are prepared to make an appearance at the Court's convenience.

WHEREFORE, counsel moves for permission to withdraw and for the appointment of substitute counsel for Ms. Mobley.

Respectfully submitted,

**/s/ Kurt P. Kerns**
**/s/ Ian Clark**

Kurt P. Kerns, #15028
Ian Clark, #25595
328 North Main Street
Wichita, Kansas 67202
(316) 265-5511
E-mail: kurtpkerns@aol.com

**/s/ Alexey V. Tarasov**
Alexey V. Tarasov, Texas Bar 24075140
5211 Reading Road,
Rosenberg, Texas 77471
832-623-6250
E-mail: alexey@tarasovlaw.com

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion to Withdraw was filed and served electronically pursuant to the CM/ECF system on October 3, 2018, on all counsel of record.

**/s/ Kurt P. Kerns**

Kurt P. Kerns, #15028