# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 17-10142-EFM

BOGDANA MOBLEY,

    Defendant.

## UNITED STATES' THIRD MOTION IN LIMINE

The United States moves this Court to prohibit the introduction, reference, or use of Defendant's Exhibits 400 and 401 until such time as the defendant testifies. Defendant's Exhibits 400 and 401 are both police reports that originate and exist because of hearsay statements of the defendant. Federal Rule of Evidence 802 prohibits the introduction of hearsay.

Generally, the existence of a police report about an alleged crime hinges on the fact that *an allegation was made* by a reporting party. That generality applies in this case, as both defense Exhibits originate because of allegations made by the defendant. Reference to the existence of the police reports would allow the defense to introduce a fact - that an allegation of a crime was made. Because such necessarily involves the introduction of Bogdana Mobley's hearsay statements, such reference or introduction is inadmissible without subjecting Bogdana Mobley to cross-examination.

Likewise, neither of Defendant's Exhibits can be used to impeach Brian Mobley. This is because neither report involves any statements of Brian Mobley. Thus, the reports could not involve prior inconsistent statements of Brian Mobley. While the defense may inquire of Brian Mobley "Did you do X to Bogdana" and receive a response, it would be improper for the defense

to make inquiry along the lines of "You were investigated by the police for doing X to Bogdana" or "Were you contacted by the police about X" because the latter lines of inquiry implicitly (if not explicitly) introduce the fact that an allegation (hearsay statement) was made to the police by Bogdana Mobley. The introduction, reference, or use of Defendant's Exhibits 400 and 401 under the guise of impeaching or attacking Brian Mobley's testimony would thwart the well-established prohibition against hearsay and unfairly prejudice the United States.

The United States makes this motion in advance, because reliance on a contemporaneous objection does not adequately prevent the unfair prejudice which would arise from the introduction of the defendant's hearsay allegations. While not every objection will draw the jury's attention, the matters contained in Defendant's Exhibit 400 and 401 involve particularly attention-getting allegations. In this regard, it is likely that a contemporaneous objection would only heighten the jury's focus on the objectionable matter, causing them to speculate about what was reported or who reported it. Moreover, requiring the United States to contemporaneously object to something which is clearly inadmissible hearsay only serves to unfairly cast the United States in a negative light, as trying to hide something, before the jury.

With the foregoing in mind, the United States requests this Court prohibit the defense from introducing, referencing, or using Defendant's Exhibits 400 and 401 (and any other similar police report originating from an allegation made by the defendant), until such time as the defendant testifies and may be subject to cross-examination on her allegations made therein.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

s/Jason W. Hart

JASON W. HART
Kan. S. Ct. No. 20276
Assistant U.S. Attorney
District of Kansas
301 N. Main, Ste. 1200
Wichita, Kansas 67202
Tel: 316-269-6481
Fax: 316-269-6484
Email: Jason.hart2@usdoj.gov

# CERTIFICATE OF SERVICE

      I certify that on February 27, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Murdoch Walker II, Joshua Lowther, and Craig Divine, attorneys for defendant.

                                          s/Jason W. Hart
                                          JASON W. HART
                                          Assistant United States Attorney