IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 6:17-CR-10142-EFM-1 |
| | ) | |
| BOGDANA ALEXANDROVNA MOBLEY | ) | |

**MOTION TO DISMISS INDICTMENT**

Ms. BOGDANA ALEXANDROVNA MOBLEY, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii), respectfully moves this Court to dismiss the Superseding Indictment (ECF No. 63) because of its lack of specificity.

**I.  Procedural History**

On October 11, 2017, a federal grand jury in the District of Kansas indicted Ms. Mobley on one count of International Parental Kidnapping in violation of 18 U.S.C. § 1204. (Indict., ECF No. 12.)  On July 17, 2018, that grand jury indicted Ms. Mobley on four additional counts of Extortionate Interstate Communications in violation of 18 U.S.C. § 875(b). (Superseding Indict., ECF No. 63.)

Despite Ms. Mobley's having been represented by at least one attorney of record throughout the entirety of this case (*see* ECF Nos. 6–7, 16, 46, 102),

no motion alleging a defect in the original or superseding indictments were filed. Ms. Mobley's current attorneys of record appeared in this case on February 12, 2019 (Notice of Appear., ECF No. 101; Order, ECF No. 103) and February 20, 2019 (Order, ECF No. 105), and now file this motion at their earliest reasonable opportunity, which, remains timely (*see* Fed. R. Crim. P. 12(b)(3) (stating that motions that must be made before trial include motions pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii)).

## II.   Factual Assertions

Count One of the Superseding Indictment alleges, in its entirety, that

> [o]n or about April 2, 2014, and continuing through the date of the filing of this Indictment, in the District of Kansas and elsewhere, the defendant, Bogdana Alexandrovna Mobley, aka Bogdana Alexandrovna Osipova, removed a child from the United States and retained a child outside the United States with intent to obstruct the lawful exercise of another's parental rights, in violation of Title 18, United States Code Section 1204.

(Superseding Indict. 1, ECF No. 63.)

Count Two of the Superseding Indictment alleges, in its entirety, that

> [b]etween August 27 and August 30, 2015, as part of the continuing offense in Count 1, the defendant, BOGDANA ALEXANDROVNA MOBLEY, aka BOGDANA ALEXANDROVNA OSIPOVA, transmitted in interstate and foreign commerce a communication containing a threat to kidnap, that is, to continue to

> retain a child outside the United States with the intent to obstruct the lawful exercise of another's parental rights, and the defendant did so with the intent to extort from any person any money or thing of value, in violation of Title 18, United States Code Section 875(b).

(*Id.* at 2, ECF No. 63.)

Count Three of the Superseding Indictment alleges, in its entirety, that

> [o]n or about November 21, 2015, as part of the continuing offense in Count 1, the defendant, BOGDANA ALEXANDROVNA MOBLEY, aka BOGDANA ALEXANDROVNA OSIPOVA, transmitted in interstate and foreign commerce a communication containing a threat to kidnap, that is, to continue to retain a child outside the United States with the intent to obstruct the lawful exercise of another's parental rights, and the defendant did so with the intent to extort from any person any money or thing of value, in violation of Title 18, United States Code Section 875(b).

(*Id.* at 2, ECF No. 63.)

Count Four of the Superseding Indictment alleges, in its entirety, that

> [o]n or about December 17, 2015, as part of the continuing offense in Count 1, the defendant, BOGDANA ALEXANDROVNA MOBLEY, aka BOGDANA ALEXANDROVNA OSIPOVA, transmitted in interstate and foreign commerce a communication containing a threat to kidnap, that is, to continue to retain a child outside the United States with the intent to obstruct the lawful exercise of another's parental rights, and the defendant did so with the intent to extort from any person any money or thing of value,

3

> in violation of Title 18, United States Code Section 875(b).

(*Id.* at 3, ECF No. 63.)

Count Five of the Superseding Indictment alleges, in its entirety, that

> [o]n or about December 5–6, 2016, as part of the continuing offense in Count 1, the defendant, BOGDANA ALEXANDROVNA MOBLEY, aka BOGDANA ALEXANDROVNA OSIPOVA, transmitted in interstate and foreign commerce a communication containing a threat to kidnap, that is, to continue to retain a child outside the United States with the intent to obstruct the lawful exercise of another's parental rights, and the defendant did so with the intent to extort from any person any money or thing of value, in violation of Title 18, United States Code Section 875(b).

(*Id.* at 3–4, ECF No. 63.)

### III. Memorandum of Law

An "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). "A count may allege that the means by which the defendant committed the offense are unknown *or* that the defendant committed it by one or more specified means." *Id.* (emphasis added). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and

4

enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

### a. Count One (International Parental Kidnapping)

A person violates the International Parental Kidnapping statute if he or she "removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside of the United States with the intent to obstruct the lawful exercise of parental rights . . . ." 18 U.S.C. § 1204(a).

Count One of the indictment states, in pertinent part, that Ms. Mobley allegedly "removed a child from the United States and retained a child outside the United States with intent to obstruct the lawful exercise of another's parental rights." (Superseding Indict. 1, ECF No. 63.)  This allegation fails to state the identity of the child; the means by which the Government alleges that Ms. Mobley removed the child from the United States or, alternatively, that the means are unknown to the Government; the identity of the place outside of the United States to which Ms. Mobley allegedly removed the child; the identity of the other person whose parental rights that Ms. Mobley allegedly intended to obstruct; or the authority by which that

5

person purportedly acquired those parental rights.

### b.   Counts Two Through Five (Extortionate Internet Communications)

A person violates the Extortionate Internet Communications statute, as the Government alleges in this case, if he or she "with the intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another . . . ." 18 U.S.C. § 875(b).

Counts Two Through Five of the indictment, the language of which are identical except for the alleged offense dates, state, in pertinent part, that Ms. Mobley

> transmitted in interstate and foreign commerce a communication containing a threat to kidnap, that is, to continue to retain a child outside the United States with the intent to obstruct the lawful exercise of another's parental rights, and the defendant did so with the intent to extort from any person any money or thing of value.

(Superseding Indict. 2–4, ECF No. 63.)  These allegations fail to state the identity of the places from and to where the Government alleges that Ms. Mobley sent any threat in interstate or foreign commerce; the type of communication that she allegedly sent; the specific means by which she

6

allegedly sent it; the language, oral or written, of the alleged threat; the identity of the child that she allegedly retained outside of the United States; the identity of the place outside of the United States where she allegedly retained and continues to retain the child; the identity of the person to whom she purportedly sent the alleged threat; the identity of the person whose parental rights she purportedly intended to obstruct; or the authority by which that person acquired those parental rights.

 Ms. Mobley concedes that each of the counts of the indictment includes the elements of the offenses charged; nonetheless, the entire indictment remains insufficient: the Government's choice of language in each count of the indictment fails to state even the essential facts of the offense, the means by which Ms. Mobley allegedly committed the offense, or an assertion that those means are unknown to the Government, as required by Fed. R. Crim. P. 7.  Those failures directly result in the Government's not having provided Ms. Mobley with fair notice of the allegations against which she must defend, and precluding her assertion of any future meaningful former jeopardy claim. *See Todd*, 446 F.3d at 1067.  Therefore, Ms. Mobley submits that because a court must determine the sufficiency of an indictment on its face (*United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)), and a

bill of particulars cannot cure a constitutionally insufficient indictment (*Russell v. United States*, 369 U.S. 749, 770 (1962)), the only remedy is a dismissal of each defective count of the indictment.

## IV.  Conclusion

Ms. Mobley, based on the foregoing assertions and argument, prays that this Court dismiss the indictment in this case in its entirety.

Date:  March 1, 2019

Respectfully submitted,

**s/ Craig M. Divine, Esq.**
Kan. Bar # 24747
Divine Law Office, LLC
104 W 9th St., Ste. 404
Kansas City, MO 64105
T 816.474.2240
divinelaw@live.com

**s/ Joshua Sabert Lowther, Esq.**
Ga. Bar # 460398
*Pro Hac Vice*
M 912.596.2935
jlowther@lowtherwalker.com

**s/ Murdoch Walker, II, Esq.**
Ga. Bar # 163417
*Pro Hac Vice*
M 843.540.7903
mwalker@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
T 404.496.4052
http://www.lowtherwalker.com

Attorneys for Defendant
Bogdana Alexandrovna Mobley

### CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, I electronically filed the foregoing MOTION TO DISMISS INDICTMENT with the Clerk of the United States District Court for the District of Kansas by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

*s/ Craig M. Divine, Esq.*
Kan. Bar # 24747
Divine Law Office, LLC
104 W 9th St., Ste. 404
Kansas City, MO 64105
T 816.474.2240
divinelaw@live.com

9