# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>BOGDANA ALEXANDROVNA MOBLEY,<br>aka BOGDANA ALEXANDROVNA<br>OSIPOVA,<br><br>        Defendant. | Case No. 17-CR-10142-EFM |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL (Doc. 129)

On a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, the court must uphold the jury's verdict of guilty if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (citation and internal quotation marks omitted). In other words, the court can reverse a jury's verdict only if it concludes that no reasonable juror could find the defendant guilty. *United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015); *United States v. Magleby*, 241 F.3d 1306, 1312 (10th Cir. 2001).

When reviewing a sufficiency of the evidence argument, the court "must ask only whether taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find [defendant] guilty beyond a reasonable doubt." *Magleby*, 241 F.3d at 1311–12 (citation and internal quotation marks omitted). "[T]he evidence necessary to support a verdict need not

conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *Id*. at 1112 (citation and internal quotation marks omitted). And, "where conflicting evidence exists," the court must "not question the jury's conclusions regarding the credibility of witnesses or the relative weight of evidence." *Id*. Instead, the court simply must "determine whether [the] evidence, if believed, would establish each element of the crime." *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001) (quoting *United States v. Evans*, 42 F.3d 586, 589 (10th Cir. 1994) ). The court thus must give "considerable deference to the jury's verdict." *Dewberry*, 790 F.3d at 1028 (citation and internal quotation marks omitted).

The evidence presented at trial included direct testimony from Brian Mobley regarding the defendant's threat to take, and subsequently taking of, S.M. to Russia. Brian Mobley's testimony showed the defendant's taking of S.M. to Russia was followed by various demands and threats for Brian to undertake action, issued via text messaging and Skype, in interstate and foreign commerce. Brian Mobley's testimony provided context for the subsequent communications with the defendant, i.e., that the defendant continued to withhold physical access (in violation of the Sedgwick County domestic orders) to S.M. throughout the period of communications. Government's Exhibits 35a and 35b directly addressed specific instances of threats to kidnap (to continue to retain) S.M., for Counts 2 and 3 respectively.

Government's Exhibit 35a showed the defendant leveraging access to S.M. for money and property, at a time when the defendant continued to retain S.M. in Russia. Because the defendant's demands were made in combination with the defendant's continued retention of S.M. in Russia, the jury could reasonably conclude the defendant's intent was to communicate a credible threat from the defendant to persist in that conduct unless Brian Mobley paid money or provided something of value. Page 1 of the Government's Exhibit 35a showed the defendant

stating "We live in Russia" and "I am 100% compliant with Russian court orders," a fairly clear indication of the defendant's intention to continue to remain in Russia in derogation of Brian Mobley's lawful court-ordered parental rights. The defendant then stated "You can and should see your children Brian! You also should start to make child support payments asap." For Brian Mobley to "see" the children, physically or via Skype, the defendant made clear that such required payment of money. Page 2 continued the communication, in which Brian Mobley responded, "I am not sending you a dime until you bring them back to the US." The defendant indicated that she was not going to do that, by stating "And that's the answer to your question then." Again, the clear implication is that "seeing" the children, physically and in his custody, was going to be conditioned upon Brian Mobley paying money to the defendant. Page 3 of Government's Exhibit 35a made abundantly clear the defendant's intention to continue to retain S.M. in Russia unless there was an exchange for value, as she stated the following:

> [8/30/2015 7:17:16 AM] bdream8:  …. If you want us back in the US next year you'll have to provide housing, car and return all of mine furniture. Unless you'll decide to buy us a new one, then you can keep mine.

On its face, these communications showed the defendant demanding money from Brian Mobley as a condition-predicate to returning S.M. to the United States, where Brian might have custody of the child.

Likewise, for Count 3, Government's Exhibit 35b showed a communication made while the defendant retained S.M. in Russia. In this communication, the defendant provided Brian Mobley with three options, starting from the premise that "your children reside in Russia." The defendant told Brian to 1) pay the child support or 2) reach a separate agreement for an amount of money, and then she would "establish schedule that will be convenient for our daughters and you to… maybe meet in Poland every half a year or so." The third option involved non-payment and

the threat "we will not have any further communication with you." On its face, this communication showed the defendant demanding money from Brian Mobley in exchange for placing S.M. in his custody (albeit in Poland).

Given the undisputed fact that the defendant had taken and retained S.M. in Russia, and continued to do so before and after the above statements, a reasonable jury could have found the above communications were neither idle talk nor a joke. In light of the defendant's removal of the children, and her leveraging access for money, the jury could reasonable conclude the above communications were actual and credible threats by the defendant, designed to communicate her intention to retain S.M. in Russia unless and until Brian Mobley paid money or provided things of value.

The defendant does not challenge that the communications were hers, nor that the communications were in interstate/foreign commerce. The defendant's challenge is to the meaning and intention behind the communications. Those issues were resolved by the jury, in a reasonable and rational manner, against the defendant. Viewing the evidence in the light most favorable to the government, this Court should find a reasonable jury could find guilt as to Counts 2 and 3 beyond a reasonable doubt. This Court should deny the defendant's motion.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

s/Jason W. Hart
JASON W. HART
Kan. S. Ct. No. 20276
Assistant U.S. Attorney
District of Kansas
301 N. Main, Ste. 1200

Wichita, Kansas 67202<br>
Tel: 316-269-6481<br>
Fax: 316-269-6484<br>
Email: Jason.hart2@usdoj.gov

## CERTIFICATE OF SERVICE

    I certify that on March 20, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Murdoch Walker II, Joshua Lowther, and Craig Divine, attorneys for defendant.

                                       s/Jason W. Hart
                                       JASON W. HART
                                       Assistant United States Attorney