IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOGDANA ALEXANDROVNA MOBLEY,<br>aka BOGDANA ALEXANDROVNA OSIPOVA,<br><br>Defendant. | Case No. 17-CR-10142-EFM |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL (Doc. 130)**

Federal Rule of Criminal Procedure 33 provides that the court may grant a motion for a new trial "if the interest of justice so requires." "A motion for new trial under Rule 33 is not regarded with favor and is granted with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269–70 (10th Cir. 2007); *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). "The defendant has the burden of proving the necessity of a new trial." *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (citing *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994) (further citations omitted) ). And, the decision whether to grant a motion for new trial is committed to the trial court's sound discretion. *United States v. Cesareo-Ayala*, 576 F.3d 1120, 1126 (10th Cir. 2009); *Herrera*, 481 F.3d at 1270; *Quintanilla*, 193 F.3d at 1146.

For his argument, the defendant contends the "verdict is sufficiently contrary to the evidence" and incorporates her motion for judgement of acquittal (Doc. 129). The defendant centers his contention as to Counts 2 and 3, and does not contend that the evidence did not support the International Parental Kidnapping charge in Count 1.

"While the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Cesareo-Ayala*, 576 F.3d 1120, 1125 (10th Cir. 2009) (quoting *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir.2008)). The evidence introduced and admitted at trial relating to Counts 2 and 3 substantially supported the verdict. The uncontradicted testimony from Brian Mobley proved the defendant engaged in communications with Brian Mobley, after removing S.M. to Russia in contravention of Brian's established parental rights. The uncontradicted testimony from Brian Mobley proved the Skype communications were transmitted in foreign commerce (from the defendant in Russia to Brian Mobley in the United States). The content of those communications was admitted, without objection. Those communications occurred during and in relation to the defendant's ongoing retention (kidnapping) of S.M. in Russia, in continuing contravention of Brian Mobley's parental rights. The context and content of those communications proved that, as part of the defendant's plan, she intended to induce Brian Mobley to send money or other things of value in exchange for access to the children (both physical access as well as visual/communication access). Brian Mobley received those communications, and understood their content to contain serious and credible statements of the defendant's intent to continue to impede Brian's custodial access to S.M. unless and until he capitulated to her demands. Testimony from Brian Mobley proved the seriousness of those threats, by showing the defendant carried out the threats by continuing to impede Brian Mobley's custodial access to S.M. Those communications were presented in Government's Exhibits 35a and 35b, and more thoroughly discussed in Doc. 131, United States' Response to Defendant's Motion for Judgement of Acquittal (incorporated herein by reference). The statements of the defendant, contained in Government's Exhibits 35a and 35b, showed her

demands for things of value in exchange for returning physical custody of the children to Brian Mobley.

The United States contends, and the jury agreed, that the above evidence showed the defendant's intention to continue to retain S.M. in Russia unless and until Brian Mobley paid money or provided other valuable things, and that she communicated that intention via her threats contained in Government's Exhibits 35a and 35b. The defendant's motion for new trial should be denied.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

s/Jason W. Hart
JASON W. HART
Kan. S. Ct. No. 20276
Assistant U.S. Attorney
District of Kansas
301 N. Main, Ste. 1200
Wichita, Kansas 67202
Tel: 316-269-6481
Fax: 316-269-6484
Email: Jason.hart2@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Murdoch Walker II, Joshua Lowther, and Craig Divine, attorneys for defendant.

s/Jason W. Hart
JASON W. HART
Assistant United States Attorney