# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       *Plaintiff,*

  vs.

BOGDANA ALEXANDROVNA MOBLEY,

       *Defendant.*

Case No. 17-10142-EFM

## MEMORANDUM AND ORDER

On March 6, 2019, a jury found Defendant Bogdana Alexandrovna Mobley guilty on Counts 1, 2, and 3 of the Superseding Indictment: (1) international parental kidnapping in violation of 18 U.S.C. § 1204; (2) extortionate interstate communications between August 27 and August 30, 2015, in violation of 18 U.S.C. § 875(b); and (3) extortionate interstate communications on or about November 21, 2015, in violation of 18 U.S.C. § 875(b). Defendant has now filed a Motion for Judgment of Acquittal (Doc. 129) and a Motion for New Trial (Doc. 130). For the reasons stated below, the Court denies both motions.

## A.  Motion for Judgment of Acquittal

Rule 29(c)(2) of the Federal Rules of Criminal Procedure states, in relevant part, that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." When reviewing the sufficiency of evidence to sustain a guilty verdict, the Court "ask[s], whether,

'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "[1]  Substantial evidence must support the conviction, but " 'it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt.' "[2]  Furthermore, the Court cannot cast aspersions on the credibility of witnesses or weigh conflicting evidence, because "these matters are within the exclusive province of the jury."[3]

Defendant asserts that the evidence at trial was insufficient to support a guilty verdict as to Counts 2 and 3 of the Superseding Indictment—extortionate interstate communications in violation of 18 U.S.C. § 875(b).  That statute states, in pertinent part: "[w]hoever, with intent to extort from any person . . . any money or thing of value, transmits into interstate or foreign commerce any communication containing a threat to kidnap . . . any person . . . shall be fined . . . or imprisoned."[4]  Accordingly, to prove a violation of this statute, the Government must show:  (1) that the defendant communicated a threat to kidnap any person; (2) that the defendant transmitted the communication with the intent to extort money or any thing of value; and (3) that the communication was transmitted in interstate or foreign commerce.  Defendant argues that the

---

[1] *United States v. Magallanez*, 408 F.3d 672, 681 (10th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[2] *United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir. 2005) (quoting *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994)).

[3] *Magallanez*, 408 F.3d at 682 ("The jury apparently believed the witnesses, and that is the end of the matter.").

[4] 18 U.S.C. § 875(b).

evidence presented by the Government for Counts 2 and 3 does not establish the "threat to kidnap" element of 18 U.S.C. § 875(b).[5]  The Court, however, disagrees.

The evidence presented at trial included the direct testimony of Brian Mobley and conversations between Brian Mobley and Defendant via text messaging and Skype.  Brian Mobley testified regarding Defendant's threats to take his daughter, S.M., and Defendant's subsequent taking of S.M. to Russia.  Government Exhibit 35a is a series of Skype communications between Defendant and Brian Mobley on August 27, 29, and 30, 2015, consisting of Brian Mobley asking to Skype with S.M. and Defendant's demands of money in return.  Because Defendant made these demands while continuing to retain S.M. in Russia, a rational jury could conclude that Defendant intended to communicate a credible threat to kidnap S.M. unless Brian Mobley paid her money or another item of value. For example, the conversation on August 27, 2015, states in part:

> Brian Mobley:  Can I please Skype with the kids?
> [Defendant]:  Can you please pay for the girls Montessori school?
> Brian Mobley:  So, you are saying that I cannot see my children unless I give you money?
> [Defendant]:  So I am saying that we live in Russia.  I am 100% compliant with Russian court orders."

Defendant's last statement in this conversation indicates that she planned to remain in Russia with S.M., in violation of Brian Mobley's court-ordered parental rights, unless Brian Mobley paid her money.

---

[5] The term "threat" means "a serious statement expressing intent to kidnap any person."  Pattern Crim. Jury Instr. 10th Cir. 2.37 (2018).  The Jury Instructions, which Defendant did not object to, defined "to kidnap" as "continuing to retain [a person] outside of the United States with the intent to obstruct the lawful exercise of parental rights."

Similarly, page 2 of Government's Exhibit 35a shows a conversation between Defendant and Brian Mobley on August 29, 2015. That conversation began with Brian Mobley asking Defendant if he could Skype with the children and further states:

> [Defendant]: Yes you can. You can also transfer the child support to my paypal.
> Brian Mobley: When can I talk to them?
> [Defendant]: As soon as you'll start making child support payments.
> Brian Mobley: And I told you that I am not sending you a dime until you bring them back to the US.
> Brian Mobley: I am done sending you money.
> [Defendant]: And that's the answer to your question then.

Again, the clear implication is that Defendant will continue to hold S.M. in Russia unless Brian Mobley sends her money. Accordingly, the Court concludes that substantial evidence supports the conviction on Count 2 of the Superseding Indictment.

For Count 3, the Government produced a Skype communication dated November 21, 2015, between Defendant and Brian Mobley while Defendant retained S.M. in Russia. In this communication, Defendant offered Brian Mobley three options, starting with the premise that "your children reside in Russia." First, Defendant told him to pay child support. Second, she offered to reach a separate agreement for an amount of money, and then she would "establish schedule that will be convenient for our daughters and you to skype on regular basis, maybe meet in Poland every half of year or so ect [sic]." And third, she told him that if he did not pay any amount then "we will not have any further communication with you." This communication on its face shows Defendant demanding money from Brian Mobley in exchange for placing S.M. in his custody, albeit not in the United States but in Poland. Because Defendant continued to retain S.M. in Russia while she made these statements to Brian Mobley, a reasonable jury could have interpreted them as a "threat to kidnap." Therefore, substantial evidence also supports the

conviction on Count 3 of the Superseding Indictment. The Court denies Defendant's Motion for Judgment of Acquittal.

**B.      Motion for New Trial**

A court may "grant a new trial if the interest of justice so requires."[6] A motion for a new trial is viewed with disfavor, and courts only grant such motions with great caution.[7] The burden is on the defendant to prove the necessity of a new trial.[8] "[T]he relevant rule is that a new trial should be granted upon any error of sufficient magnitude to require reversal on appeal."[9]

Defendant contends that she is entitled to a new trial because "the verdict is sufficiently contrary to the evidence" and incorporates her Motion for Judgment of Acquittal. Again, she does not contest the jury's verdict on Count 1—international parental kidnapping—but on Counts 2 and 3—extortionate interstate communications. But, as discussed above, the evidence admitted at trial relating to Counts 2 and 3 substantially supported the jury's verdict. Accordingly, Defendant has failed to meet her burden to show that a new trial is warranted in this case. Defendant's Motion for a New Trial is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment of Acquittal (Doc. 129) is **DENIED**.

---

[6] Fed. R. Crim. P. 33(a).

[7] *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000).

[8] *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan 2000) (citations omitted).

[9] *Id*. (quotations omitted).

**IT IS FURTHER ORDERED** that Defendant's Motion for New Trial (Doc. 130) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of March, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE