**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 6:17-CR-10142-EFM-1 |
| | ) | |
| BOGDANA ALEXANDROVNA MOBLEY | ) | |

**MOTION TO DISQUALIFY**

Ms. BOGDANA ALEXANDROVNA MOBLEY, pursuant 28 U.S.C. §

455, respectfully moves United States District Judge Eric F. Melgren to

disqualify himself from presiding over any further proceedings in this case.

**I.      Relevant Procedural History**

On March 6, 2019, a federal jury empaneled by this Court convicted

Ms. Mobley on one count of International Parental Kidnapping in violation of

18 U.S.C. § 1204 and two counts of Extortion in violation of 18 U.S.C. §

875(b). (Superseding Indict., ECF No. 63; Verdict, ECF No. 128.). This Court

scheduled sentencing for May 20, 2019 (Notice of Hr'g, ECF No. 127), but

upon Ms. Mobley's request, continued the sentencing to June 6, 2019 (Mot.

Cont., ECF No. 135; Order, ECF No. 136).

## II.     Factual Assertions

On March 29, 2019, Ms. Juliana Filipiuk, the mother of Ms. Mobley, received an email from Judge Melgren's chambers' email address (ksd_melgren_chambers@ksd.uscourts.gov), attached hereto as Exhibit A, in response to Ms. Filipiuk's apparent inquiry about whether the Court had received a letter regarding this case.  The email, which Judge Melgren purportedly signed, states

> I received the letter, but under our procedures really can only respond as the Court to matters filed on the record by her attorney.
>
> As you know, her sentencing is set for May 20.  Her attorneys have been told several times that the sentencing will go very differently then depending on whether the children are back in the U.S. or not.  But I hope everyone realizes that once sentencing is pronounced on that date, there is no authority to change or modify that sentence later, even if positive developments occur thereafter.

Email from Eric F. Melgren, United States District Judge, District of Kansas, ksd_melgren_chambers@ksd.uscourts.gov, to Juliana Filipiuk, miss.fili@mail.ru (May 29, 2019, 15:33 GMT +2) (on file with author and recipient).

## III.     Memorandum of Law

"Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  "He

shall also disqualify himself . . . [w]here he has personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1).

"A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Code of Conduct for U.S. Judges, Canon 2. Furthermore, subject to limited exceptions that are not applicable to his matter, "a judge shall not initiate . . . ex parte communications . . . concerning a pending matter that are made outside the presence of the parties or their lawyers." *Id.* at Canon 3(A)(4).

Ms. Mobley respectfully submits that Judge Melgren's email to Ms. Filipiuk requires his disqualification in this case.  The email itself is an ex parte communication outside of the parties and their attorneys, in violation of Canon 3(A)(4), not subject to any exception enumerated in Canon 3(A)(4)(a–d).  Furthermore, and most troubling, is Judge Melgren's unequivocal assertion that he will sentence Ms. Mobley leniently if she causes her minor children to return to the United States prior to sentencing (a legal and factual impossibility for her), but that he will sentence her severely if she does not, and in the latter event, that she cannot remedy the severe sentence with any subsequent remedial actions regarding the return of the children, or

according to Judge Melgren, "if positive developments occur."  Judge

Melgren's already having determined the severity of Ms. Mobley's sentence

without having calculated her sentencing guidelines range, considered

whether any departures from that guidelines range are applicable, or

considered the relevant factors in 18 U.S.C. § 3553(a) as they relate the Ms.

Mobley and this case, indicates that a procedurally reasonable (and possibly

substantively reasonable) sentence is unattainable. *See Gall v. United States*,

552 U.S. 38, 51 (2007).

Ms. Mobley recognizes that "not subject to deprecatory

characterization as 'bias' or 'prejudice' are opinions held by judges as a result

of what they learned in earlier proceedings" (*Liteky v. United States*, 510 U.S.

540, 551 (1994)); however, as she respectfully submits that Judge Melgren's

email demonstrates, a judge's "unfavorable predisposition can . . . deserve to

be characterized as 'bias' or 'prejudice' because, even though it springs from

the facts adduced or the events occurring at trial, it is so extreme as to display

clear inability to render fair judgment" (*Id.*).

## IV.    Disqualification Statutes

Ms. Mobley is aware that 28 U.S.C. § 144 also addresses a judge's

disqualification from a case, but she has elected to proceed pursuant to 28

U.S.C. § 455 based on her inability to provide an affidavit in support of facts to which she has no knowledge outside of Judge Melgren's email to Ms. Filipiuk, which speaks for itself.

## V.  Conclusion

Ms. Mobley, based on the foregoing factual assertions and memorandum of law, prays that Judge Melgren issue an order disqualifying himself from this case and directing the Clerk of the United States District Court for the District of Kansas to reassign the case to another United States district judge.

Date:       June 3, 2019

Respectfully submitted,

**_s/ Craig M. Divine, Esq._**
Kan. Bar # 24747
Divine Law Office, LLC
104 W 9th St., Ste. 404
Kansas City, MO 64105
T 816.474.2240
divinelaw@live.com

**_s/ Joshua Sabert Lowther, Esq._**
Ga. Bar # 460398
*Pro Hac Vice*
M 912.596.2935
jlowther@lowtherwalker.com

*s/ Murdoch Walker, II, Esq.*
Ga. Bar # 163417
*Pro Hac Vice*
M 843.540.7903
mwalker@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
T 404.496.4052
http://www.lowtherwalker.com

Attorneys for Defendant
Bogdana Alexandrovna Mobley

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, I electronically filed the foregoing

MOTION TO DISQUALIFY with the Clerk of the United States District Court

for the District of Kansas by way of the CM/ECF system, which automatically

will serve this document on the attorneys of record for the parties in this case

by electronic mail.

*s/ Craig M. Divine, Esq.*
Kan. Bar # 24747
Divine Law Office, LLC
104 W 9th St., Ste. 404
Kansas City, MO 64105
T 816.474.2240
divinelaw@live.com

6