IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v ) | Case No.: 17-10142-EFM |
| ) | |
| BOGDANA ALEXANDROVNA ) | |
| MOBLEY, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## **ORDER**

Defendant Bogdana Mobley was charged with removing her children from the United States to Russia in order to avoid a custody order by the Sedgwick County District Court's domestic division.  She was convicted at jury trial of one count of International Parental Kidnapping and two counts of Extortionate Interstate Communications.  Sentencing is currently set, after continuance, for June 6, 2019.  On June 4, 2019, counsel for Defendant filed a Motion to Disqualify Judge.

28 U.S.C. § 455 requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned, or where he has personal bias or prejudice concerning a party[1].  Bias or prejudice does not include opinions held by judges as a result of what they have learned in presiding over the proceedings[2].

---

[1] 28 U.S.C. § 455(a) and (b)(1).

[2] *Liteky v. United States*, 510 U.S. 540, 551 (1994).

As grounds for disqualification, Defendant cites an email exchange the undersigned judge had with Defendant's mother, Juliana Filipiuk, in March. Reportedly, Ms. Filipiuk has been with the children in Russia, but she has been in active communication with the Court and counsel. She had contacted the court to inquire why it had not responded to a letter from her daughter, the Defendant. In response, the Court informed her that it could not communicate about the case to matters other than as filed of record, told her when sentencing was scheduled, and reminded her that as previously discussed the Defendant's sentencing would go differently if the children had been returned by that time than if they had not. The Court also informed her that once a sentence was announced, it lost authority to modify it later regardless of what may have happened.

Through the long process of this case, Defendant's counsel has repeatedly made representations that the children may be promptly returned to the United States. Because Defendant's current counsel are new to the case, entering their appearance just before trial, they were not involved in many of those discussions. But the Court has always understood from counsel that Defendant, and her family, were aware of those discussions. Recently, the Court became concerned about the possibility that the children might be returned to the country after sentencing; indeed, the Court had the impression that sentencing was continued in part on this basis. So its email to Defendant's mother also explained that once a sentence had been imposed, the Court would not have authority to change it later.

This communication is Defendant's basis for the motion to disqualify.[3] Defendant states two reasons why this email merits disqualification: that it is an ex parte communication, and that, "most troubling," it indicates that the judge has already determined the severity of Defendant's sentence before even reviewing the sentencing guideline calculation.

---

[3] As this email was sent some time ago, this motion is not particularly timely.

The Court will address the "most troubling" grounds first. The email did not state what the sentence would be, in either scenario, so the allegation that the Court had determined the severity of her sentence before reviewing the Guidelines is factually inaccurate. Surely it cannot be surprising that any court would consider acts of mitigation of the offense of conviction to bear favorably on the sentence imposed; that a defendant who had undertaken such acts would be likely to obtain a more favorable sentence than one who had not. That is all the complained-of statement says.[4] How the fact that the Court was, post-conviction, considering the sentence the Defendant should receive, or considering that a more favorable sentence would be imposed for a defendant who mitigated than for one who did not, constitutes bias or prejudice is not explained. Nor can the Court contemplate how such sentencing considerations, which are a part of the Court's obligation, could be so construed. Indeed, even had the Court determined at that preliminary stage what sentence it would impose on Defendant under either scenario before consulting the Sentencing Guideline calculations (which determination it had not made – indeed, has not even made now before hearing arguments at the hearing), it is difficult to see how such a determination would constitute bias or prejudice. Such a process may be in violation of the directives given district courts to consider the Guidelines before determining a sentence, but it would not be bias or prejudice. The Court's statement that the mitigation of returning the children to the United States may favorably impact the Defendant's sentence is not evidence of bias or prejudice.

This brings us to the allegation of ex parte communication. Because the communication addressed procedural and general matters – the date of sentencing and the obvious matters explained above – and did not communicate anything specific or material to the case, the Court does not consider it ex parte communications. Moreover, the reference to this single email

---

[4] Of course, the purpose of the email was not to explain this rather obvious fact, but as a predicate to informing Defendant's mother that any such acts taken after the sentence was imposed would be unavailing.

obscures the fact that Defendant's mother has sent numerous communications to the Court relating to the Defendant's medical conditions or to the conditions of her confinement. All of these communications have represented that they were made on behalf of the Defendant. The Court has directed Ms. Filipiuk to have her daughter file certain requests herself, which have then been done (indeed, the email in question was responding to a message from Ms. Filipiuk as to why the Court had not responded to such a request). Therefore, having utilized her mother to make these contacts, and having granted her the apparent authority to do so, the Defendant should not now be heard to complain that the Court's response to such communications was not authorized. Finally, even assuming that this email was an improper ex parte communication, no showing is made of how such ex parte communication would constitute bias or prejudice requiring disqualification.

Therefore, the Court denies the Motion.

**IT IS THEREFORE ORDERED** that the Motion to Disqualify (Doc. 138) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of June, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE