IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas

JUL 13 2020

Clerk, U.S. District Court
By _____ Deputy Clerk

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | District Court |
| v. | ) | Case No. |
| | ) | 17-10142 |
| BOGDANA ALEXANDROVNA MOBLEY | ) | Circuit Court |
| Defendant. | ) | Case No. |
| | ) | 19-3122 |

## EMERGENCY MOTION FOR RELEASE PENDING APPEAL

COMES NOW, the Defendant, and respectfully moves this Court for an ORDER releasing the Defendant-Appellant, Bogdana Alexandrovna Mobley, pursuant to Rule 9 of the Federal Rules of Appellate Procedure from custody pending the Appeal ( No. 19-3122) of the order entered on June 6, 2019 by the United States District Court of Kansas.

Defendant further moves that this Court release the defendant on condition: home confinement or electronic monitoring to her step father's home in Queens, NY at 10157 92nd St which the Defendant is a resident of.

Defendant-Appellant's US Passport has expired and was in the possession of the US Probation officer in Wichita, KS.

Defendant-Appellant's Russian Passport was in the possession of attorney Kurt Kerns, which he claimed was stolen from his vehicle in December 2017.

Russian consulate is willing to supply a Guarantee letter on behalf of Defendant-Appellant to not cooperate with issuing a new Russian Passport if need be.

In support of this Motion, the Defendant-Appellant states the following:

Oral arguments on the Defendant's Appeal (No. 19-3122) took place in the beginning of May, 2020.

The Appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in acquittal, reversal, an order for new trial, or reduced sentence to a term of imprisonment less than total of the time already served.

Defendant-Appellant's current statutory release date is set for September 2023, with home confinement eligibility in March 2023 and half way house in 2022.

Defendant has 38 months until release on 84 months sentence.

Defendant-Appellant served full sentence on first count of 18 U.S.C. 1204.

Defendant-Appellant has no gang-affiliation, incident reports for the past 24 months, no escapes or attempted escapes.

Defendant-Appellant has never absconded from Justice.

She participated in every court hearing that she knew about (physically or otherwise depending on the circumstances).

Defendant-Appellant flew to Russia in April 2014 while the divorce was pending due to domestic violence and emergency family circumstances. There was no standard provision included in the divorce order that prohibited the Defendant-Appellant to leave the area. Therefore, Defendant-Appellant did not violate any orders of the Court.

Defendant-Appellant has the highest respect for the Law, whether it is the Law of Russian Federation, International Law or the Law of the United States of America.

Defendant-Appellant hold law library clerk position at the FSL Danbury where she is currently detained.

Defendant- Appellant has multiple pre-existing chronic and newly developed medical conditions that require routine necessary care and treatment, and that Defendant-Appellant is not receiving while in the FBOP since 2017.

Defendant-Appellant suffers from Reynaud's disease; chronic Lyme Disease; Ciguatera poisoning nerve damage, heart and lung damage; degenerative-dystrophic spine disease; protrusion of the intervertebral discs; vertebrogenic thoracolumbalgia; paresthesia of limbs, abnormal neck artery ( high entrance of right vertebral artery in cervical vertebrae; left vertebral artery of small diameter; symptoms of vertebral artery extra vascular compression in cervical vertebrae; symptoms of outflow violation via veins of Rosenthal) allergies; recurrent asthmatic bronchitis. She is a former smoker. In January 2018 at FMC Carswell upon discovery of elevated blood results in liver, ultrasound was ordered and hepatic cyst was found on Defendant-Appellant liver. Nothing was done to this day in regards to this medical condition. Defendant-Appellant suffers from everyday liver pains, back and neck pains, lighheadness, dizziness, numbness and tingling in hands and feet, light sensitivity, arthritis. Defendant-Appellant suffers from unknown hard bumps on both wrists that appeared in December 2019 and beginning of 2020 and were not treated or seen by specialist to this day, over 6 months later. The OBGYN Doctor at FSL Danbury cannot diagnose and voice an opinion of the bumps being lymphoma vs. ganglion cyst.

Two weeks ago blood lab results showed that Defendant-Appellant hemoglobin A1C was 5.7 which put her in increased risk for diabetes. There were also high readings for IPF, MPV and low readings for MCHC and $CO_2$.

Defendant-Appellant sleeps on the metal frame with non orthopedic thin mattress and suffers from chronic pain in her spine from this for almost 3 (three) years.

About a month ago Defendant-Appellant index finger on the right hand got swollen, unable to bend.

No medical help to this day.

Defendant-Appellant is a right handed person and there are many unnecessary thing here where she must put strength and use her fingers like opening locks, lockers, bins, lockers in toilet. It put additional pressure on already swollen painful finger.

We are in the middle historic deadly COVID-19 pandemic.
FCI Danbury where Defendant-Appellant detained is one of the hardest hit federal prisons.
Continued incarceration at FCI Danbury place vulnerable individuals like Defendant-Appellant with numerous medical conditions at significant risk or exposure to the virus and possible severe illness or death if contracted the virus.
At of June 29, 2020 there were more than 10 million people infected with COVID-19 worldwide and more than 500 000 ( five hundred thousand) who died from this virus.
The World Health Organization (WHO) declared COVID-19 a pandemic on March 11, 2020.
In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (with about six feet) between individuals to potentially slow the speed of COVID-19.
On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 (corona virus disease) pandemic.
According to CDC, people at high-risk for severe illness from COVID-19 include, but not limited to: people 65 years and older; people with chronic lung disease; moderate to severe asthma; COPD, and emphysema; bronchitis; people with serious heart conditions; people with immunocompromised conditions, including cancer treatment, bone marrow or organ transplant, immune deficiencies, poorly controlled HIV, or AIDS, and prolonged use of corticosteroids and other immune wakening medications; people who are severely obese (body mass index (BMI) of 40 or higher); people with diabetes, people with chronic kidney disease and who are undergoing dialysis; people with liver disease; neurologic disorder, neurodevelopment, hypertension or intellectual disability; pregnancy, current smoking status, former smoking status; or other chronic disease.
Defendant-Appellant is detained at FSL Danbury, CT one of the facilities that was hit the hardest during the COVID-19 pandemic and was mentioned by Attorney General William Barr in his April 3, 2020 Memorandum.
COVID-19 is a highly contagious deadly "respiratory virus that poses unique risks in population-dense facilities." US v. Raia, No. 20-1033, 954 F. 3d 594, 2020 WL 1647922.
"According to the CDC, social distancing is "the best way to reduce the spread of corona virus disease 2019 (COVID-19)."
Social Distancing, CDC ( May 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/socail-distancing.html.
Practicing social distancing requires individuals to stay at least 6 feet from other people to avoid gathering in large groups, and to stay out of crowded places an avoid mass gatherings. These measures are virtually impossible to observe in a prison setting particularly at facility like FSL Danbury. In the woman's satellite low prison, all of the women are housed in single dormitory-style room that accommodates approximately 180 beds. The room is divided into cubicle wall, which does not reach to the ceiling. Wall does not even reach the top of the bunk bed, and the woman on the top bunk sleeps right next to the woman on the top bunk in the adjacent cubicle. Woman share three bathrooms, each of which includes between 4-8 toilets, sinks, and showers.
Social-distancing arguably the most effective measure for preventing the speed of COVID-19 is impossible at FSL" Martinez-Brooks v.Easter, No. 20-00569, 2020 U.S.Dist. LEXIS 83300, 2020, WL 2405350 (D.Conn. May 12, 2020) or other BOP facilities where correctional officers are going back and force subjecting inmates to possible infectious deadly disease.

## CONCLUSION

For the reasons stated above the Defendant-Appellant is not going to flee or pose a danger to the safety of the community or any other person if releases under section 18 U.S.C. 3142(b) or (c) and the Appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in acquittal, reversal, an order for a new trial, or reduced sentence to a term of imprisonment less than the total of the time already served.
Defendant-Appellant will reside with her step father in Queens, NY and will work from home to financially support herself.
Defendant-Appellant has Master of Art diploma and graduate certificate in Geographic Information Systems and Spatial Analysis from State University of New York at Albany.
Under provisions of Section 3142 and 3143(b) of Title 18 of the United States Code, the Defendant-Appellant should be released on electronic monitor, her personal recognizance or on bail pending the Appeal. Defendant needs to take care of her deteriorating health and her debilitating medical conditions as well as be in medically safe environment without daily possibility to contract highly infectious deadly disease such as COVID-19.
Following document are available upon request:
Medical statements from doctors with diagnosis's for Defendant-Appellant.
Medical test results ( blood work, MRI, ultrasound, allergy tests, etc.)
Recommendation letters and support letters from family and friends.

Wherefore the undersigned respectfully moves this Court to order immediate release or transfer to home confinement of the Defendant-Appellant pending Appeal No.19-3122 during global medical crisis (COVID-19 pandemic) subject to appropriate conditions.

Respectfully submitted,

*BOGDANA OSIPOVA (MOBLEY)*

⇔28882-031⇔
Bogdana Osipova Mobley
33 1/2 Pembroke RD
Route 37
Danbury, CT 06811
United States

⇔28882-031⇔
Bogdana Mobley
33 1/2 Pembroke RD
Route 37
Danbury, CT 06811
United States

WESTCHESTER NY 105

08 JUL 2020 PM 2 L

RECEIVED JUL 13 2020

TO: UNITED STATES DISTRICT COURT
401 N. MARKET
WICHITA, KS 67202

67202-208999