**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | |
| **v.** | **Case No.** 17-CR-10142-EFM |
| **BOGDANA ALEXANDROVNA MOBLEY, aka BOGDANA ALEXANDROVNA OSIPOVA,** | |
| **Defendant.** | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR
RELEASE PENDING APPEAL (Doc. 159)**

The United States1 requests this Court deny the defendant's motion for release pending appeal, for the reasons articulated below.

I.      **Background**

On March 6, 2019, the defendant was found guilty of International Parental Kidnapping and two counts of Extortionate Interstate Communications. On June 7, 2019, the Court sentenced the defendant to 84 months followed by 3 years supervised release, along with a restitution order of $18,100. The Court ordered the defendant remanded to the custody of the US Marshals for designation by the Bureau of Prisons. The defendant is currently housed at FCI Danbury in Connecticut.

Following her conviction and sentence, the defendant filed her notice of appeal on June 21,

---

1 This motion response has been prepared with substantial assistance and research from USAO Intern Cathryn Lind. The USAO thanks her for her diligent and timely service.

2019. The defendant's appeal was been briefed and argued in front of the Tenth Circuit in May 2020. The appeal is currently pending decision from the Tenth Circuit.

On July 13, 2020, the defendant filed, *pro se*, this Motion for Release Pending Appeal. This motion is roughly the fourth request for release by the defendant. After the defendant was initially arrested in September 2017, Magistrate Judge Gwynne E. Birzer ordered the defendant detained pending trial on October 2, 2017. Later, on defendant's motion for reconsideration, Magistrate Judge Gwynne E. Birzer again ordered the defendant detained pending trial. (Doc. 14). Later, on November 2, 2017, this Court held a hearing and denied the defendant's appeal of Magistrate Judge Birzer's detention order. (Doc. 22) Shortly thereafter, the defendant feigned incompetence, and underwent a competency evaluation. When the defendant returned to Kansas from her competency evaluation, this Court held the competency hearing, found the defendant competent, and scheduled hearing on the issue of detention for August 8, 2018. (Docs. 66 & 69) However, on August 6, 2018, the defendant moved to continue the detention hearing, asserting defendant was "jointly undertaking efforts to facilitate the return" of the children to the United States. (Doc. 70) On November 8, 2018, the defendant again filed a motion for release. (Doc. 81) That motion was proceeded to hearing, and was denied on November 20, 2018, for a fourth time. (Doc. 137, ¶23).

Despite repeatedly litigating release prior to trial, the defendant now presents her first post-conviction request for release. It comes more than a year after sentencing and more than a month after oral argument of the appeal.

## II.     Rules/Statutes pertaining to the Motion

As a preliminary matter, the defendant's motion is properly filed with the District Court,

pursuant to Federal Rule of Appellate Procedure 9(b):

> (b) Release After Judgement of Conviction. A party entitled to do so may obtain review of a district-court order regarding release after a judgement of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from judgment of conviction. Both the order and the review are subject to Rule 9(a). The papers filed by the party seeking review must include a copy of the judgment of conviction.

Thus, the defendant has filed the motion in the proper venue. See also *United States v.*

*Fisher*, 55 F.3d 481, 486 (10th Cir. 1995).

In the post-conviction context, the criteria for release are set forth in 18 U.S.C.

3143, and specifically subsection (b)(1) of that provision:

> **(b) Release or detention pending appeal by the defendant.**
>
> **(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>
>>> **(i)** reversal,
>>>
>>> **(ii)** an order for a new trial,
>>>
>>> **(iii)** a sentence that does not include a term of imprisonment, or
>>>
>>> **(iv)** a reduced sentence to a term of imprisonment less than that total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). In this instance, subsection (b)(2) does not apply, so the focus is on

(b)(1). Importantly, subsections (b)(1)(A) and (b)(1)(B) are written in the conjunctive

("and"), such that both subsections must be met before release is possible.

**III.    Argument and Discussion**

As noted above, the Court's consideration of the motion is guided by 18 U.S.C. §3143(b)(1). Notably, this provision directs the Court to order detention, unless and until the defendant makes a particular showing. In this case, the defendant fails to meet her burden, such that her motion must be denied.

### A.     The defendant does not present clear and convincing evidence

Subsection (b)(1)(A) requires the defendant present "clear and convincing evidence" that she is not likely to flee or pose a danger to the safety of any other person or the community if released. However, as this Court has previously observed, the defendant is strongly motivated to flee, not least because the children remain in Russia and she expressed her intention to return there at sentencing: "[T]oday Ms. Mobley told me that she would like to be released, she would renounce her U.S. citizenship, and she would return to Russia." (Doc. 155, p. 99) As this Court has previously stated, "she cannot be trusted to be at liberty, given her previous disregard of the Sedgwick County Court's orders, disobeying them and fleeing the country." (Doc. 155, p. 104) For her part, the defendant has presented nothing new in support of her current motion. If anything, she persists in unsubstantiated claims that her initial flight was due to domestic violence and "emergency family circumstances," and both of those claims were fully discredited at sentencing.

Suffice to say, there has been no material change in her circumstances to indicate she does not continue to pose the same risk or that she has the same strong motivations to flee. She has not presented clear and convincing evidence, as she has presented no evidence at all. At most, the defendant presents the same conclusory arguments that have been previously rejected.

Because the statute requires both subsections be met, the Court may deny the motion solely on the defendant's failure to meet the first predicate in (b)(1)(A).

### B.    The appeal does not raise substantial questions of law or fact

As noted above, the part (B) of subsection (b)(1) requires the defendant also show that the appeal is not for delay and raises substantial questions of law or fact that are likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than that total of the time already served plus the expected duration of the appeal process. 18 U.S.C. §3143(b)(1)(B)(i-iv) To provide a bit more guidance, "A 'substantial question' is a 'close question or one that very well could be decided the other way." *United States v. Dahda*, 2020 WL 2218852, *4 (D. Kan., May 7, 2020) (citing *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985)).

The defendant has filed an appeal on the following basis: (1) the denial of Defendant's motion to dismiss the Indictment, claiming the superseding indictment lacked specificity; (2) the denial of Defendant's Motion for Acquittal as to Counts 2 and 3; (3) denial of Defendant's Motion to Disqualify the Trial Court; and (4) the denial of Defendant's objection to the legality of the victim's restitution claim. The United States contends these are not close questions, nor is any part of the defendant's appeal likely to result in any of the four specified outcomes.

The defendant's first appeal issue relates to specificity of the superseding indictment. But as this Court may recall, the defendant expressly stated "Ms. Mobley concedes that each of the counts of the indictment includes the elements of the offenses

charged." (Doc. 115, p. 7) With that concession in mind, the defendant cannot show on appeal that this Court abused of its discretion by denying her motion to dismiss for lack of specificity.  Indeed, the Tenth Circuit has long held "[a]n indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997); *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006). This issue is does not raise a substantial question of law – that is, a close question – nor is it likely to result in any of the outcomes required in subsection (b)(1)(B)(i-iv) of 18 U.S.C. 3143. The appeal based on specificity is not likely to result in (i) reversal, (ii) a new trial, (iii) a sentence that does not include imprisonment, or (iv) a reduced sentence to a term of imprisonment less than that total of the time already served plus the expected duration of the appeal process. Because none of those things are likely, the Court may deny the motion on that basis.

For defendant's second appeal issue, the defendant raised a sufficiency of the evidence argument relative to Counts 2 and 3. Those counts were based on the Exhibits 35a and 35b, which showed the defendant leveraging custody of S.M. for money and property, at a time when the defendant continued to retain S.M. in Russia. Those counts were also based on the testimony from Brian Mobley. Because the jury agreed there was evidence beyond a reasonable doubt on these counts, the appellate court considers all the evidence, along with reasonable inferences taken therefrom, in the light most favorable to the government. *United States v. Winder*, 557 F.3d 1129, 1137 (10th Cir. 2009). On appeal, this Court does not "assess the credibility of witnesses or weigh conflicting evidence, as

these tasks are exclusively for the jury." *Winder*, 557 F.3d at 1137. This Court has already denied the motion for judgment of acquittal - it is just as likely that the Tenth Circuit will likewise find the jury had sufficient evidence to convict on those charges. Again, the appeal does not raise a substantial question of law or fact – 12 people and one judge being in agreement suggests that it is not a close call. Nor is this part of her appeal likely to result in (i) reversal, (ii) a new trial, (iii) a sentence that does not include imprisonment, or (iv) a reduced sentence to a term of imprisonment less than that total of the time already served plus the expected duration of the appeal process.

The defendant's third appeal issue is the denial of the motion to disqualify this Court from sentencing her. The denial of the motion is not a close call, and even if successful, it is not likely to result in any of the required outcomes. At most, it would re resentencing in front of another judge, and any other judge is just as likely to impose the same sentence (or more) given the fact that the children remain in Russia. Put another way, the defendant cannot show it is <u>likely</u> that a different outcome would be achieved even if successful on this issue (which itself is unlikely).

On her fourth and final appeal issue, the defendant challenges the restitution order. Even if successful, that would not result in (i) reversal, (ii) a new trial, (iii) a sentence that does not include imprisonment, or (iv) a reduced sentence to a term of imprisonment less than that total of the time already served plus the expected duration of the appeal process. At most, if successful, she would still be subject to imprisonment but simply not have to pay restitution.

With the foregoing in mind, this Court should find that the defendant's motion fails

to meet its burden under subsection (b)(1)(B), the other half of the statutory requisite. The Court may deny the defendant's motion on this basis as well.

## IV.    CONCLUSION

This Court should deny the defendant's motion. This Court should find the defendant has failed to meet her burden under 18 U.S.C. §3143(b)(1)(A). This Court should likewise find the defendant has failed to meet her burden as to subsection (b)(1)(B). Because either or both subsections are not met, the defendant's motion must be denied.

Respectfully submitted,
STEVEN R. McALLISTER
United States Attorney


s/Jason W. Hart
JASON W. HART
KS Sup. Ct. No. 20276
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
(316) 269-6484 (FAX)
Jason.hart2@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, with a paper copy mailed to the defendant:

Bogdana Osipova Mobley
Inmate # 28882-031
FCI Danbury
33 1/2 Pembroke Road
Route 37
Danbury, CT 06811

s/Jason W. Hart
JASON W. HART