# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

Case No. 17-CR-10142-EFM

BOGDANA ALEXANDROVNA MOBLEY,
aka BOGDANA ALEXANDROVNA
OSIPOVA,

    *Defendant.*

## MEMORANDUM AND ORDER

Defendant Bogdana Alexandrovna Mobley filed an "Emergency Motion for Immediate Release Pending Resentencing" (Doc. 166) on September 21, 2020. She requested immediate release due to the Tenth Circuit Court of Appeals' mandate which was issued on September 14, 2020, and the extraordinary and compelling circumstance of the COVID-19 pandemic.[1] Her motion represented that upon release she would quarantine in her step-father's home in Queens, NY pending resentencing.

The government responded to Defendant's Emergency Motion on October 13, 2020, stating that further appellate review was not authorized by the Solicitor General's Office, and that

---

[1] The Tenth Circuit's mandate and order vacated Defendant's 18 U.S.C. § 875(b) convictions and the restitution order and remanded the case to district court for resentencing. Doc. 165. The Tenth Circuit upheld Defendant's conviction for international parental kidnapping under 18 U.S.C. § 1204. There is a three-year statutory maximum on this charge.

Defendant's motion "should be granted as the defendant has served as much or more time than authorized for the count of conviction under 18 U.S.C. § 1204."[2] The government also asserted that Defendant should be released from the Bureau of Prisons ("BOP") custody and ordered to appear for resentencing before this Court.

On October 14, 2020, this Court directed the United States Marshals to return Defendant to this Court to conduct proceedings as directed by the Tenth Circuit, i.e., to promptly resentence Defendant.[3] Defendant then filed a Notice of Appeal to the Tenth Circuit construing the Order directing the marshals to return her to the District of Kansas as a de facto denial of her Emergency Motion for Release. Defendant also filed an Emergency Motion to Stay requesting that the Tenth Circuit stay the order to transport her to the District of Kansas.

On October 20, 2020, the Tenth Circuit issued an Order granting Defendant's Emergency Motion to Stay. The Tenth Circuit also found that it could not conduct meaningful review of Defendant's appeal of this Court's ruling on the Emergency Motion for Immediate Release because there was no written order.[4] It remanded the case to this Court for the limited purpose of issuing a written order on the Emergency Motion for Release.

Defendant's Emergency Motion for Immediate Release did not leave the Court with the impression that Defendant was offering to voluntarily surrender to appear before the Court for resentencing. Defendant stated in her motion that she requests immediate release from the BOP to quarantine in her step-father's home in Queens, New York, pending resentencing on Count 1 (international parental kidnapping in violation of 18 U.S.C. § 1204). She made no representations

---

[2] Doc. 168.

[3] Doc. 169.

[4] There was no written order because no decision had been issued.

about voluntarily returning to Kansas for resentencing.[5]  Thus, the Court directed the marshals to return Defendant to the District of Kansas, as it has never sentenced someone in abstentia and does not believe it would be appropriate to do so.

Once the government affirmatively stated that it would not seek further review of the Circuit's Mandate, even though its time for doing so had not yet expired, the Court has moved promptly towards a resentence of Defendant.  Given the Defendant's stated intention to quarantine in Queens, New York, rather (apparently) than return to Kansas voluntarily for resentencing, the Court believes its only option was to direct that Defendant be promptly returned to the District by the United States Marshal.  The Court reads Defendant's Motion for Emergency Release as inferring that Defendant seeks to be resentenced in abstentia.  This, the Court believes, would be improper.

**IT IS THEREFORE ORDERED** that Defendant Bogdana Alexandrovna Mobley's "Emergency Motion for Immediate Release Pending Resentencing" (Doc. 166) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 21st day of October, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[5] The Defendant is currently being held in Connecticut.