# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | |
| v. | Case No. 17-CR-10142-EFM |
| **BOGDANA ALEXANDROVNA MOBLEY,** aka **BOGDANA ALEXANDROVNA OSIPOVA,** | |
| **Defendant.** | |

## UNITED STATES' MOTION TO STAY

The United States moves the Court to stay its order of release (Doc. 175). The United States advises this Court that it is seeking a similar motion to stay, and for panel rehearing, with the Tenth Circuit, for many of the reasons stated below. The United States makes this motion in accordance with Federal Rule of Appellate Procedure 8(a)(1), which contemplates a motion to stay first being presented to the district court.

As this Court noted in its order (Doc. 175), this Court has since learned that the defendant's mother and step-father are currently in Russia.

The defendant previously represented, impliedly to this Court and the government, and later expressly in pleadings to the Tenth Circuit, that her parents were living in Queens, New York. *See, e.g.,* 10th Cir. Case No. 20-3212, Def. Brief, p. 14-15 ("Ms. Mobley has unequivocally informed the District Court her whereabouts if released pending resentencing – to quarantine in her step-father's home in Queens, New York. Her mother and stepfather are U.S. permanent residents, living in New York. Her step-father is well

educated and teaches university mathematics in New York."). That representation is now known to be false, as reported by United States Probation.

It is plainly apparent that the Tenth Circuit relied[1] upon the defendant's express representation of this material fact in its ruling and analysis. *See* 10th Cir. Case No. 20-3212, Doc. 010110433078 (The 10th Circuit "strongly encourage[d] the district court to consider releasing Ms. Mobley to the supervision and custody of her mother and stepfather in Queens, New York pending resentencing."). The Tenth Circuit, through no fault of its own, reached a conclusion based upon erroneous information presented by the defendant. It is likely that, presented with these new facts, the Tenth Circuit would have reached a different conclusion as to release pending re-sentencing. It is equally likely that, with knowledge that the defendant has attempted to mislead the Tenth Circuit, that the Tenth Circuit will reach a different conclusion regarding release pending re-sentencing.

In light of these new and material facts, including the misrepresentation of fact by the defendant to the Tenth Circuit, this Court should stay its order of release, to allow the United States opportunity to request panel rehearing before the Tenth Circuit.

                    Respectfully submitted,

                    STEPHEN R. McALLISTER
                    United States Attorney

                    s/Jason W. Hart
                    JASON W. HART
                    KS Sup. Ct. No. 20276

---

[1] To the extent it factors into the Court's analysis, the United States likewise believed the step-father was presently in the United States based upon the defendant's assertion in her *pro se* motion which was followed by her counsel's appellate briefing. The United States would not have recommended release at either level had the defendant been candorous about the whereabouts of her parents.

Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
(316) 269-6484 (FAX)
Jason.hart2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Joshua Lowther and Katrina Spearman, Attorneys for Defendant.

s/Jason W. Hart
JASON W. HART
Assistant United States Attorney