IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 6:17-CR-10142-EFM-1 |
| v. ) | |
| ) | |
| BOGDANA ALEXANDROVNA MOBLEY ) | |

**MOTION TO AMEND CONDITIONS OF RELEASE**

Ms. BOGDANA ALEXANDROVNA MOBLEY, pursuant to 18 U.S.C. §§ 3142 and 3143, respectfully moves this Court to amend the conditions of her release.

**I.   Relevant Procedural History**

On October 11, 2017, a federal grand jury in the District of Kansas indicted Ms. Mobley on one court of International Parental Kidnapping in violation of 18 U.S.C. § 1204. (Indict., ECF No. 12.) On July 17, 2018, that grand jury indicted Ms. Mobley on four additional counts of Extortion in violation of 18 U.S.C. § 875(b). (Superseding Indict., ECF No. 63.) The alleged basis of all of these charges was Ms. Mobley's having taken her minor child to Russia, despite ongoing custody proceedings in a Kansas state court.

1

On June 21, 2019, Ms. Mobley appealed from her conviction and sentence after a jury trial. (Notice of Appeal, ECF No. 145.) On August 21, 2020, the Tenth Circuit Court of Appeals issued its Opinion, vacating Ms. Mobley's convictions of the Extortion counts, affirming the conviction of International Parental Kidnapping, and remanding the case to the District Court of Kansas for re-sentencing. (Appeal No. 19-3122, Opinion, Judgment.)

On November 4, 2020, after the parties' litigation over Ms. Mobley's release pending her re-sentencing, the Court of Appeals issued an Order and Judgment, vacating this Court's Order denying release pending re-sentencing, and remanding the case to this Court with the following instructions:

> (1) order the Federal Bureau of Prisons to release Ms. Mobley forthwith pending re-sentencing; (2) schedule a date certain for re-sentencing via videoconferencing; and (3) impose standard conditions of release pending re-sentencing, consistent with and allowing for Ms. Mobley's residence outside of Kansas. As to the latter instruction, we strongly encourage the district court to consider releasing Ms. Mobley to the supervision and custody of her mother and stepfather in Queens, New York pending re-sentencing.

(Order and Judgment at 3–4).

On November 9, 2020, the Court of Appeals further issued an Order, instructing this Court to proceed with the release of the defendant

forthwith under an approved plan of release and in a manner otherwise consistent with this court's order and judgment of November 4, 2020.

On November 10, 2020, this Court released Ms. Mobley pending re-sentencing on a $25,000.00 unsecured bond (Appear. Bond 1, ECF No. 183), with conditions (Order Set. Cond. Rel. 1–3, ECF No. 182). Those conditions include, *inter alia*, that Ms. Mobley must avoid all contact, directly or indirectly, "with the minor victims in this matter except as permitted/ required for the Sedgwick County, KS Case No. 14DM1599." (*Id.* at 2, ¶ 7(g).)

## II.     Factual Assertions

The "minor victims" in this case are Ms. Mobley's own children. And, the offense of which Ms. Mobley is convicted does not involve any violence. The basis of the conviction simply was Ms. Mobley's having taken her minor child to Russia, despite ongoing custody proceedings in a Kansas state court. Thus, her children are not traditional crime victims; Ms. Mobley, as their mother, has never placed them in any danger. Rather, they are regarded as "victims" in this matter only because they are not with their father.

Indeed, Ms.Mobley has had contact with her children throughout the time that she has been detained over the past three-plus years. Nothing indicates that her contact with them caused them any danger or undue influence—it is difficult, if not impossible, to influence a young child in Russia by telephone or even video from a jail cell in the United States—and there would be no difference in this regard after her release pending re-sentencing. The physical distance between Ms. Mobley and her children during her release pending re-sentencing remains; the only difference is that now Ms. Mobley is in the Eastern District of New York rather than the Districts of Kansas or Connecticut, while her children are still in Russia.

Furthermore, since Ms. Mobley's children are young minors, there is simply no chance that she can influence them in any way relevant to the Kansas state case. In fact, even assuming, *arguendo*, that she could, there is nothing that she could convince them to do or not do, such as asking them to be with their father or not, which would have any impact on the Kansas state case.

### III. Memorandum of Law

The relevant part of 18 U.S.C. § 3143 provides that:

(a) Release or detention pending sentence.

4

> (1) . . . the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143 (a)(1).

This Court "may at any time amend the [release] order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Furthermore, 18 U.S.C. § 3142(c)(1)(B) provides that a judicial officer shall order the pretrial release of a defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* To determine the least restrictive conditions, the Act directs a judicial officer to consider" the four factors set forth in § 3142(g), including (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See United States v. Plata*

*Hernandez,* 766 Fed. Appx. 651 (10th Cir. 2019). *See also United States v. Martinez-Torres,* 795 F.3d 1233 (10th Cir. 2015)(the conditions of release must be reasonably related to, *inter alia,* the nature and circumstances of the offense).

Ms. Mobley submits that she has demonstrated that (1) considering the nature and circumstances of the offense convicted, her children are not traditional victims in a criminal case; (2) her contact with them did not, and will not, cause them any danger; and, (3) she could not impact the Kansas state case through influencing her children. Moreover, in no way could the the condition forbidding her from contacting her children reasonably assure her appearance at the re-sentencing hearing via video-teleconference. As such, said condition does not constitute the least restrictive combination of conditions that will assure her appearance before this Court and protect the community while she remains on that release pending re-sentencing. *See* 18 U.S.C. § 3142(c)(1)(B).

**IV.    Conclusion**

Ms. Mobley, based on the foregoing assertions and argument, prays that this Court amend the conditions of her release by removing the requirement of avoiding any contact with her children.

6

Date:        November 19, 2020

        Respectfully submitted,

        ***s/ Craig M. Divine, Esq.***
        Craig M. Divine, Esq.
        Kan. Bar # 24747
        divinelaw@live.com

        Divine Law Office, LLC
        104 W 9th St., Ste. 404
        Kansas City, MO 64105
        T 816.474.2240

        ***s/ Joshua Sabert Lowther, Esq.***
        Joshua Sabert Lowther, Esq.
        Ga. Bar # 460398
        M 912.596.2935
        jlowther@lowtherwalker.com

        ***s/ Murdoch Walker, II, Esq.***
        Murdoch Walker, II, Esq.
        Ga. Bar # 163417
        M 843.540.7903
        mwalker@lowtherwalker.com

        Lowther | Walker LLC
        101 Marietta St., NW, Ste. 3325
        Atlanta, GA 30303
        404.496.4052
        http://www.lowtherwalker.com

        Attorneys for Defendant
        Bogdana Alexandrovna Mobley

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# WICHITA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 6:17-CR-10142-EFM-1 |
| v. ) | |
| ) | |
| BOGDANA ALEXANDROVNA MOBLEY ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, I electronically filed the foregoing MOTION TO AMEND CONDITIONS OF RELEASE with the Clerk of the United States District Court for the District of Kansas by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date:       November 19, 2020.

*s/ Craig M. Divine, Esq.*
Craig M. Divine, Esq.
Kan. Bar # 24747
divinelaw@live.com

Divine Law Office, LLC
104 W 9th St., Ste. 404
Kansas City, MO 64105
T 816.474.2240

8